## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAWN HARVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19-CV-00260-TCK-CDL |
| v. | ) |
| | ) |
| SAMANTHA FILART, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

### **OPINION AND ORDER**

The Court has for its consideration Defendant Samantha Filart's Motion to Dismiss (Motion) (Doc. 6). Defendant argues that Plaintiff Dawn Harvey failed to properly effect service of process upon her, pursuant to the requirements of Fed. R. Civ. P. 4(e) and Okla. Stat. tit. 12 § 2004. For the reasons discussed below, the Court finds that the Motion should be granted and that Plaintiff's Complaint should be dismissed without prejudice.

### I. BACKGROUND

Plaintiff filed her Complaint on May 15, 2019, (Doc. 2), and the Summons was issued by the Court Clerk on the same day. (Doc. 4). Two days later, Plaintiff first attempted to effect service of process on Defendant by way of certified mail, return receipt requested, and restricted to the addressee. (Doc. 7). On June 14, 2019 this attempt failed when the postal carrier was unable to make the delivery. (Doc. 7). The return receipt was neither marked "Accepted" nor "Refused." (Doc. 7). As a result of this failure, Plaintiff hired a special process server to effect service on Defendant. (Doc. 7). On June 28, 2019, the process server left copies of the Complaint and Summons at each of Defendant's known addresses, all of which were in the same apartment complex, and afterwards contacted her via text message. (Doc. 7). During this text exchange,

1

Defendant informed the process server that she no longer lived in Oklahoma. (Docs. 6, 7). Then, on July 3, 2019, the process server again attempted to effect service of process on Defendant personally but was unsuccessful and posted the documents on the door of each known address. (Doc. 7). It is important to note, however, Plaintiff's Proof of Service Affidavit states that the documents were only posted to 9237 E. 81st St. #102, Tulsa, OK 74133, an address at which Defendant has apparently never lived. (Docs. 5, 6). Plaintiff made no further attempts to properly effect service on Defendant. (Doc. 5).

On September 24, 2019, pursuant to Fed. R. Civ. P. 12(b)(5), Defendant specially appeared and filed a Motion to Dismiss. (Doc. 6). Defendant argues that Plaintiff failed to effect service of process upon her. (Doc. 6). Specifically, Defendant argues that Plaintiff failed to serve her properly because service by posting is not authorized under Fed. R. Civ. P. 4(e) or Okla. Stat. tit. 12, § 2004.

Plaintiff filed her Response to Defendant's Motion to Dismiss on October 15, 2019. (Doc. 7). In it, Plaintiff alleges, "[t]he Defendant was in contact with the process server, the Defendant's father acknowledged the receipt of the Complaint and Summons, the insurance company was forwarded the Complaint and Summons with acknowledgment, and employed local counsel on behalf of the Defendant." (*Id*. at 6). From this, Plaintiff argues that "the Defendant had actual knowledge of the pending suit and is available to defend herself through any means under the law, and this meets the service requirements in Oklahoma." (*Id*. at 6). Plaintiff further argues that she "substantial[ly] compli[ed] with the statutory scheme for service and the Defendant had notice of the pending litigation to defend themselves [sic] without depriving the Defendant of any due process or fundamental rights." (*Id*. at 6).

On October 29, 2019, Defendant filed a Reply in Support of Motion to Dismiss. (Doc. 8). In it, Defendant reasserts her argument that Plaintiff failed to sufficiently effect service of process.

Defendant argues that while Plaintiff may have attempted to properly serve her multiple times by multiple means, ultimately, none of these were successful. Defendant further argues that her actual knowledge of the suit is irrelevant, and that she "did not authorize her father or her insurance company to accept service on her behalf." (*Id*. at 2).

## II. DISCUSSION

### A. Legal Standards

Defendant moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. "A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant, making 'effective service of process a prerequisite to proceeding further in a case.'" *Goff v. Hukill*, No. 08-CV-71, 2010 WL 2595785, at *2 (N.D. Okla. June 24, 2010) (quoting *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3rd Cir. 1992)). A Rule 12(b)(5) motion requires the Court to determine if the plaintiff has made "a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendants." *Id*. (quoting *Fisher*, 531 F. Supp. 2d at 1260). In support or response, "[t]he parties may submit affidavits and other documentary evidence for the court's consideration, and plaintiff is entitled to the benefit of any factual doubt." *Id*. If the plaintiff fails to "meet this burden, a court may dismiss for failure to properly serve." *Goff*, 2010 WL 2595785, at *2.

### B. Service of Process

Under Fed. R. Civ. P. 4, a plaintiff may effect service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Further, a party may also

> (A) deliver[] a copy of the summons and of the complaint to the individual personally; (B) leav[e] a copy of each at the individual's dwelling or usual place of

> abode with someone of suitable age and discretion who resides there; or (C) deliver[] a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Plaintiff does not argue that Defendant was served pursuant to Rule 4(e)(2). Thus, the court must determine whether Plaintiff properly effected service pursuant to Oklahoma law. *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 715 (10th Cir. 2005). In so doing, this Court must "ascertain and apply Oklahoma law with the objective that the result obtained in federal court should be the result that would be reached in an Oklahoma court." *Cooper v. Cent. & Servs.*, 271 F.3d 1247, 1251 (10th Cir. 2001) (quoting *Wood v. Eli Lilly & Co.,* 38 F.3d 510, 512 (10th Cir.1994)).

The applicable Oklahoma law is found in title 12, section 2004 of the Oklahoma Statutes, which allows for service of process to be made by six different methods. Okla. Stat. tit. 12 § 2004(C)(1)–(6). Two such methods that are relevant here are service by personal delivery and service by mail. *Id.* § 2004(C)(1), (2). Importantly, service by posting notice on a defendant's door is not included.

> Service by personal delivery on an individual, other than an infant, is accomplished by:
>
> delivering a copy of the summons and of the petition personally or by leaving copies thereof at the person's dwelling house or usual place of abode with some person then residing therein who is fifteen (15) years of age or older or by delivering a copy of the summons and of the petition to an agent authorized by appointment or by law to receive service of process[.]

*Id*. § 2004(C)(1)(c)(1). As for service by mail, such service "shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee," and "shall be effective on the date of receipt or if refused, on the date of refusal of the summons and petition by the defendant." *Id.* § 2004(C)(2). Additionally, when serving an individual, "[a]cceptance or refusal of service by mail by a person who is fifteen (15) years of age

4

or older who resides at the defendant's dwelling house or usual place of abode shall constitute acceptance or refusal by the party addressed." *Id.* § 2004(C)(2)(c).

As mentioned above, Plaintiff makes two arguments for why service was proper: (1) despite Plaintiff's failure to technically comply with section 2004, Defendant had actual notice of the pending suit, and (2) Plaintiff substantially complied with section 2004, which is all that is required under Oklahoma law. As to Plaintiff's first argument, "[a]ctual notice cannot by itself be sufficient to establish in personam jurisdiction, otherwise there would be no provision for challenging the mode of delivery or the lack of delivery of the summons and petition under [the Oklahoma statute governing service of process]." *Graff v. Kelly*, 1991 OK 71, ¶ 10, 814 P.2d 489, 492; *see also ABC Drilling Co., v. Hughes Group*, 1980 OK 39, ¶ 3, 609 P.2d 763, 765. The fact that Defendant conveyed actual knowledge of the pending lawsuit through a text message to a process server is not sufficient to establish in personam jurisdiction in this case.[1]

Next, the Court finds that Plaintiff did not substantially comply with section 2004. The Oklahoma Pleading Code requires substantial compliance rather than strict compliance "in order for [a] trial court to have jurisdiction over the person of the defendant." *Graff*, 1991 OK 71, ¶ 10, 814 P.2d at 492. This rule was first adopted in *Graff v. Kelly*, where the Oklahoma Supreme Court used a three-step process to determine whether a defendant's method of substituted service was sufficient under section 2004. Those three steps are as follows: "(1) Is there a statute authorizing the method of service employed?; (2) Have the requirements of the statute been observed?; (3) Have fundamental due process requirements been met?" *Id*. ¶ 11, 814 P.2d at 493 (internal citation

---

[1] The text messages attached to Plaintiff's Response do not unequivocally show that Defendant had actual knowledge of the lawsuit. Plaintiff expressed concern about being spammed throughout the entire conversation. Regardless, even if the Court assumes the text exchange between Plaintiff and the process server establishes her actual notice of this suit, as described above, actual notice is not enough.

5

omitted). If a court determines that step one has been satisfied, then it will use the substantial compliance rule at step two. *See id.* ¶ 21, 814 P.2d at 495-96 (holding that even though section 2004 authorizes service on an authorized agent—thus satisfying step one—service on a defendant's unauthorized agent did not substantially comply with section 2004—thus failing at step two); *see also Ferguson Enterprises, Inc. v. Webb Enterprises, Inc.*, 2000 OK 78, ¶ 15, 13 P.3d 480.

Plaintiff argues that she substantially complied with Oklahoma law for service by certified mail by mailing the Complaint and Summons to Defendant as well as service by personal delivery by posting the Complaint and Summons on Defendant's door. The Court will address each in turn.

Plaintiff seems to insinuate, without outright arguing, that service was properly effected through certified mail. (Doc. 7 at 4 ("Service by mail shall be accomplished by mailing a copy of the summons and Complaint by certified mail, return receipt requested and delivery restricted to the addressee. Okla. Stat. Ann. tit. 12, § 2004(2)(b). Plaintiff followed this rule and sent to the Defendant's known address the Complaint and Summons addressed to her.")). Thus, Plaintiff has satisfied *Graff's* first step. However, Plaintiff must have a return receipt showing that service was either accepted or refused, § 2004(C)(2), and she has neither. Plaintiff did not substantially comply with section 2004(C)(2) and thus did not effect service by certified mail under Oklahoma law.[2]

---

[2] Plaintiff further argues that this case is analogous to *Coulsen v. Owens*, 2005 OK CIV APP 93, 125 P.3d 1233. But that case was nothing like this one. In *Coulsen*, a defendant in a case involving a motorcycle wreck was properly served via certified mail, and he forwarded the petition and summons to his insurance company. *Id.* ¶ 2, 125 P.3d at 1234-35. The insurance company then forwarded the petition to local counsel, but local counsel lost track of it and never filed an answer. *Id.* ¶ 4, 125 P.3d at 1235. The plaintiff filed for default judgment and won. *Id.* The defendant then filed a motion to vacate judgment, and the district court granted it. On appeal, the Oklahoma Court of Civil Appeals reversed the district court. *Id.* ¶ 30, 125, P.3d 1240. One of the arguments the defendant proffered to the appeals court was that service was somehow invalid because it was labeled "restricted." *Id.* ¶ 14, 125 P.3d at 1237. The court rejected this argument outright because

*See SIT, SL v. Tulsa Turbine Engines & Aircraft, LLC*, 2013 OK CIV APP 97, ¶ 11, 313 P.3d 1035, 1039 (holding that "returned envelopes marked 'unclaimed' do not meet the service of process requirement"). Plaintiff apparently realized that the service by certified mail failed in its entirety, as she then hired a commercial process server. (Doc. 7 at 1-2).

The Court next turns to the posting of the Summons and Complaint on Defendant's door. Here, Plaintiff fails at step one of *Graff's* three-part test. *Graff*, ¶ 11, 814 P.2d at 493. Plaintiff attempted service "[b]y [p]osting [c]opies of [the Summons and Complaint] to the front door" of an apartment at which Defendant has apparently never lived. (Doc. 5); *see also* (Docs. 7, 8). Service by posting is not an authorized method of service under section 2004.³ Accordingly, Plaintiff failed to effect substituted service under Oklahoma law, and it is unnecessary for this Court to address *Graff*'s second and third questions.

**IT IS THEREFORE ORDERED** that Defendant Samantha Filart's Motion to Dismiss (Doc. 6) is **granted**. Plaintiff Dawn Harvey's Complaint is dismissed **without prejudice**.

**SO ORDERED** this 6th day of October, 2021.

TERENCE C. KERN
United States District Judge

---

there was no dispute that the defendant actually signed the return receipt and that the plaintiff otherwise complied with section 2004(C)(2). *Id*.
³ This is not true of every state. For instance, in *Campbell v. Bartlett*, 975 F.3d 1569 (10th Cir. 1992), the Tenth Circuit had to decide whether posting a summons and complaint on the door of the plaintiff's sister's house substantially complied with New Mexico's statue allowing for the posting of service on the door of a person's usual place of abode. *Id*. at 1573 n.4 (citing N.M.S.Ct.R.Ann. 1–004(F)(1)); *see also Green v. Lindsey*, 456 U.S. 444, 452-53 (1982) (stating that service by posting of a notice on person's property would satisfy the requirements of due process in most cases). New Mexico has since amended its rules of civil procedure, and service by posting is no longer proper. But it is clear that state legislatures have the power to allow for service by posting, and the Oklahoma Legislature has declined to do so.

7